1

2

3

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

4

5

6

7

8

| | |
|---|---|
| ROBERT PETERSON,<br><br>            Plaintiff,<br><br>     v.<br><br>TIM GARRETT, *et al.*,<br><br>            Defendants. | Case No. 3:23-cv-00016-ART-CLB<br><br><br>ORDER |

9

10    *Pro se* Plaintiff Robert Peterson ("Plaintiff") brings this action under 42

11  U.S.C. § 1983 against Defendants Tim Garrett, Harold Wickham, and Brian

12  Williams, Sr., for imposing a blanket ban against visitation by Plaintiff's children

13  due to his conviction as a sex offender, allegedly violating his rights under the

14  Fourteenth and First Amendments to the United States Constitution.

15    Before the Court is Defendants' motion to dismiss Plaintiff's complaint for

16  lack of federal question jurisdiction. United States Magistrate Judge Carla L.

17  Baldwin has issued a Report and Recommendation ("R&R") (ECF No. 24)

18  converting Defendants' motion into a motion for summary judgment and

19  recommending granting that motion in part and denying it in part. Plaintiff filed

20  an objection to the R&R and an objection to Judge Baldwin's order denying

21  appointment of counsel. (ECF Nos. 25, 35.) For the reasons identified below, the

22  Court finds Plaintiff's objection to the R&R well-taken, denies the R&R's entry of

23  judgment against Plaintiff for his first claim, adopts the R&R for the remaining

24  claims, and denies the appointment of counsel.

25  **I.    BACKGROUND**

26    The Court provides the relevant procedural history and facts as recited in

27  Judge Baldwin's Report and Recommendation. (ECF No. 24.)

28    //

### A. Factual and Procedural Background

On January 11, 2023, Peterson filed a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed in forma pauperis for events which principally occurred while incarcerated at Lovelock Correctional Center ("LCC"). (ECF Nos. 1, 1-1.) The Court screened the complaint pursuant to 28 U.S.C. § 1915A(a). (ECF No. 3.) Peterson alleges that Defendants impermissibly prohibited him from visiting with his minor children. (*See* ECF No. 1-1.) Based on these allegations, the Court allowed Peterson to proceed on the following claims: (1) Fourteenth Amendment Due Process ("Claim 1"); (2) Fourteenth Amendment Equal Protection ("Claim 2"); and (3) First Amendment Freedom of Association ("Claim 3"). (*Id.*) All three claims are asserted against Garrett, Wickham, and Williams. (*Id.*)

In Claim 1, Peterson alleges that Defendants created and enforced a total ban on any visits with his minor children without offering a reason. (ECF No. 1-1 at 3-18.) In Claim 2, Peterson alleges Defendants did not allow him to visit with his minor children "while others with sex offenses against children get to visit their children." (*Id.* at 20.) Peterson also specifically alleges that another inmate who is incarcerated for sex crimes against minors at LCC, Joshua Ward ("Ward"), received approval for visitation with his minor children in 2019, and has subsequently had visits with his children. (*Id.* at 21.) In Claim 3, Peterson alleges that Defendants improperly imposed a blanket ban on any visitation with his minor children to punish him for his crimes. (*See id.* at 23-26.)

Plaintiff has applied for and been denied permission to have visits with his minor children on multiple occasions. (*See id.*) On July 23, 2021, Peterson received a memo from a caseworker which explained he was ineligible to visit with minor children due to his conviction of a sexual crime involving a minor child. (*Id.* at 12-13, 20.) On August 13, 2021, Peterson received a response to a kite which stated that both of Peterson's minor children were denied "at the Directors

[*sic*] level" on June 10, 2019, and February 4, 2020, due to Peterson's "horrendous charges" against minors. (*Id.* at 14.) Peterson acknowledges that there "is no dispute that [he] is a sex offender." (ECF No. 22 at 2.)

In 2019, Ward applied for and was granted permission to have his minor children visit him and has had several visits with his children. (ECF No. 15 at 15.) Ward was not convicted of sex crimes against minors, but rather was convicted generally of sexual assault. (ECF No. 16-1.) Peterson disputes this characterization of Ward's crimes, and states in an affidavit that he saw Ward's criminal case documents which show he was convicted of sexual assault and that the victim was 16 years old. (ECF No. 22 at 6.)

On December 11, 2023, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) arguing dismissal is proper because Peterson: (1) has been afforded due process because he was convicted of sex crimes against minors, (2) does not have an equal protection claim, and (3) does not have a freedom of association claim. (ECF No. 18.)

On December 27, 2023, Peterson responded and attached an "Affidavit of Evidence." (ECF No. 22). In his response, Peterson acknowledges that "there is no dispute that [he] is a sex offender," but argues Defendants did not provide him with a viable reason for their blanket denial of all visits with his minor children. (*Id.* at 2.) Peterson restates the claims from his complaint that Ward was convicted of sexual assault against a minor and was able to visit with his minor children while Peterson was prohibited from so doing. (*Id.* at 2-3.) Finally, Peterson argues that he was unconstitutionally given a blanket denial of visits with his minor children. (*Id.* at 3.)

Defendants replied on January 3, 2024. (ECF No. 23.) Defendants reiterate their argument that Peterson received due process because he was convicted of sex crimes against minors. (*Id.* at 1, 6-7.) Defendants argue that Peterson's equal protection claim fails because Ward was not convicted of sexual crimes against

children. (*Id.* at 2, 7-9.) Defendants also argue that Peterson was not unconstitutionally denied visits with his minor children because the visitation regulation at issue is rationally related to legitimate governmental interests. (*Id.* at 3-6.)

**B.    Report and Recommendation**

Magistrate Judge Baldwin converted Defendants' 12(b)(1) motion to dismiss for lack of jurisdiction into a motion for summary judgment, applying *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Judge Baldwin recommended judgment in favor of Defendants for Plaintiff's first claim, violation of procedural due process. She recommended that summary judgment in favor of Defendants be granted in part for claims two and three. (ECF No. 24.) She also denied Plaintiff's request for counsel. (ECF No. 33.)

**III.   LEGAL STANDARD**

**A. SUMMARY JUDGMENT**

A party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id.* at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach*

& *Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex*, 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.' . . . In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex*, 477 U.S. at 323-25.

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are

unsupported by factual data. *Matsushita*, 475 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

## B. REVIEW OF REPORTS AND RECOMMENDATIONS

Under the Federal Magistrates Act, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## IV.  DISCUSSION

Plaintiff objects to the Magistrate Judge's recommendation of dismissal of the procedural due process claim and the Magistrate Judge's denial of his request for counsel. (ECF Nos. 25, 35.)

### A. Procedural Due Process Claim

As a preliminary matter, Plaintiff's Fourteenth Amendment procedural due process claim should be analyzed under *Johnson v. Ryan*. 55 F.4th 1167, 1179 (9th Cir. 2022) (citing *United States v. 101 Houseco, LLC*, 22 F.4th 843, 851 (9th Cir. 2022)). The Court's screening order, Defendants' motion to dismiss, and the Magistrate Judge's report and recommendation all evaluate Plaintiff's procedural due process claim under *Neal v. Shimoda*, 131 F.3d 818 (9th Cir. 1997). *Neal* provides the standard for evaluating whether a prison or jail has provided an inmate procedural due process in classifying that inmate as a sex offender. *Id.* No one disputes that Plaintiff is a sex offender. (*See, e.g.,* ECF Nos. 1, 22, 25.) Plaintiff's objection and response to Defendants' motion to dismiss argues that

*Neal* is not the correct standard for Plaintiff's claim. (*See* ECF Nos. 22, 25.) Plaintiff is correct. *Johnson* is the correct standard for Plaintiff's procedural due process claim.

To establish a due process violation under Johnson, the Plaintiff must show (1) the existence of a constitutionally protected interest, and (2) whether the defendant provided sufficient procedural protections while depriving the plaintiff of that protected interest. *Johnson*, 55 F.4th at 1179. Whether procedural protections are sufficient depends on (a) the private interest affected; (b) the risk of erroneous deprivation and probable value of any additional or substitute procedural safeguards; and (c) the government's interest. *Id.* (citing *Mathews v. Eldridge*, 424 US. 319, 335 (1976)).

Applying the first of the two steps from *Johnson*, Plaintiff has demonstrated that there is a constitutional interest at stake because the United States Supreme Court, the Ninth Circuit, and other circuits have recognized a constitutional interest at stake when prisons impose a permanent ban on family visitation. In *Overton v. Bazzeta*, the Supreme Court held that a policy that temporarily restricted visitation for prisoners was constitutional, but it distinguished that policy from "withdrawal of all visitation privileges [permanently] or for a much longer period," suggesting that a permanent ban may be unconstitutional. 539 U.S. 126, 133 (2003). In *Dunn v. Castro*, the Ninth Circuit similarly found that a temporary ban on family visitation imposed for violating a prison rule was constitutional, but the panel distinguished this from a "blanket ban on . . . visitation privileges" not imposed for violating a prison rule. 621 F.3d 1196, 1204 (9th Cir. 2010). Other circuits have also recognized this interest. *See Easterling v. Thurmer*, 880 F.3d 319, 323 (7th Cir. 2018) (recognizing constitutional violation in "permanently or arbitrarily denying an inmate visits with family members in disregard of [*Turner v. Safley*, 482 U.S. 78 (1987) and *Overton*]"); *see also Manning v. Ryan*, 13 F.4th 705, 708 (8th Cir. 2021) (same).

7

Plaintiff's pleadings establish that he is subject to a permanent ban on visitation from his minor children. (*See* ECF No. 1.) This suffices to establish a constitutional interest.

Moving to the second step, application of the *Mathews* balancing test, the Court considers the limited facts available at this stage of litigation. *Mathews* requires balancing (a) the private interest affected; (b) the risk of erroneous deprivation and probable value of any additional or substitute procedural safeguards; and (c) the government's interest. *Mathews v. Eldridge*, 424 US. at 335. Considering factor (a), private interests, Plaintiff points to the growth and development of his children and the importance of parental contact considering the death of his children's mother. (*See* ECF No. 1.) Considering factor (b), risk of erroneous deprivation, the Court compares similar cases from other jurisdictions based on the limited facts available at this stage. Plaintiff has fewer procedural safeguards compared with similar cases from other circuits. In *Wirsching v. Colorado*, 360 F.3d 1191 (10th Cir. 2004), and *Easterling*, 880 F.3d at 323, both plaintiffs had sex-offense convictions and were refused visitation under policies resembling Nevada's AR 719.2(A)(4). Both Colorado and Wisconsin regulations, however, provided a path to visitation through completion of sex offender treatment, and both plaintiffs failed to enroll in this program. *See Wirsching*, 360 F.3d at 1201; *Easterling*, 880 F.3d at 321. Here, there is no procedural safeguard through which Plaintiff may demonstrate rehabilitation or mitigated risk. Finally, considering factor (c), the government's interest resides in expending scarce resources in overseeing visitation, protecting visitors, and protecting incarcerated people. (*See* ECF No. 18.) With the limited facts available, Plaintiff may be able to show that procedural due process requires additional safeguards when permanently banning an inmate from family visitation.

As the R&R noted about Plaintiff's second and third claims, the burden is on Plaintiff to propose additional procedural safeguards that do not

impermissibly burden the government. (ECF No. 24.) Plaintiff will be afforded the opportunity to pursue discovery and develop these arguments.

### B. Appointment of Counsel

The Court also considers Plaintiff's objection to the Magistrate Judge's denial of appointment of counsel. This order is non-dispositive and subject to clear error review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "Non-dispositive orders of a magistrate judge are entitled to 'great deference' on objection to a district judge." *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1096 (D. Nev. 2022).

The Court may request counsel when presented with "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). This finding requires the court to evaluate (1) the plaintiff's likelihood of success on the merits and (2) the Plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and both factors must be considered before a court grants or denies a motion for appointment of counsel. *Id.*

Magistrate Judge Baldwin did not clearly err in denying Plaintiff's motion for appointment of counsel. Judge Baldwin found that Plaintiff has adequately articulated his claims to the court so far and that he had not provided evidence of his likelihood of success on the merits. The Court agrees with Judge Baldwin that Plaintiff's filings and arguments have articulated his claims and made cognizable legal arguments. Plaintiff is essentially at the claims-pleading stage, and he does not require the assistance of counsel at this point. Similarly, because Plaintiff is in the early stages of litigation, with relatively little evidence available, the likelihood of success on the merits is not yet apparent. Finally, Plaintiff mentions in his objection his "daughter's intent to bring a separate action and file for joinder to the instant action . . . if Plaintiff does not obtain counsel." (ECF No. 35.)

1

## V.   CONCLUSION

2
3

The Court grants Plaintiff's objection to Judge Baldwin's Report and Recommendation (ECF No. 25).

4
5

The Court therefore rejects Judge Baldwin's Report and Recommendation granting Defendants' motion for summary judgment against Plaintiff's first claim.

6
7

The Court denies summary judgment on Plaintiff's first claim for violation of procedural due process.

8
9
10

The Court adopts Judge Baldwin's Report and Recommendation recommending denial of summary judgment in part on Plaintiff's second and third claims.

11
12

The Court denies Plaintiff's objection (ECF No. 35) to Judge Baldwin's order denying appointment of counsel (ECF No. 34).

13
14

Dated this 29th day of September 2024.

15
16
17

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

18
19
20
21
22
23
24
25
26
27
28