UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT PETERSON,<br><br>                Plaintiff,<br><br>v.<br><br>TIM GARRETT, *et. al.*,<br><br>                Defendants. | Case No. 3:23-CV-00016-ART-CLB<br><br>**ORDER DENYING<br>MOTION TO INTERVENE AND MOTION<br>TO APPOINT ATTORNEY FOR MINOR<br>CHILD**<br><br>[ECF Nos. 40, 41] |

      This case involves a civil rights action filed by Plaintiff Robert Peterson ("Peterson") related to allegations that Defendants Tim Garrett, Harold Wickham, and Brian Williams (collectively referred to as "Defendants") impermissibly prohibited Peterson from visiting with his minor children. (*See* ECF No. 1-1.) Peterson has now filed two motions on behalf of his minor child: (1) a motion to intervene, (ECF No. 40); and (2) a motion to appoint attorney for minor child, (ECF No. 41). Peterson asks that his minor child be allowed to "intervene" as a party to this action and further asks that the Court appoint an attorney representative to assist his minor child in the matter. (ECF Nos. 40, 41.) Defendants did not oppose or otherwise respond to either of the motions. For the reasons discussed below, the motions, (ECF Nos. 40, 41), are denied.

      First, Peterson is without authority to litigate on behalf of others. Fed. R. Civ. P. 23(a)(4). *See, e.g., Carter v. Taylor*, 540 F.Supp.2d 522, 527 (D. Del. 2008); *Reed v. Bd. Of Prison Terms*, No. C 03-2917, 2003 WL 21982471, at \*1 (N.D. Cal. Aug. 8, 2003); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona had no authority to represent anyone other than himself.").

      Second, Peterson does not explain why his minor child needs to "intervene" in this action, which is about his alleged inability to have prison visits with this minor child.

      Nevertheless, intervention, both of right and by permission, can only occur "[o]n timely motion." Fed. R. Civ. P. 24(a)-(b). Timeliness is determined with reference to three

factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (citation omitted). Under the Ninth Circuit's longstanding precedent, "[a] party seeking to intervene must act as soon as he 'knows or has reason to know that his interests might be adversely affected by the outcome of the litigation.'" *United States v. Oregon*, 913 F.2d 576, 589 (9th Cir. 1990) (quoting *United States v. City of Chicago*, 870 F.2d 1256, 1263 (7th Cir. 1989)); *accord Alisal Water*, 370 F.3d at 922–23; *Commercial Realty Projects*, 309 F.3d at 1120. The Court does not find the request to intervene timely as this case was filed nearly two years ago for events that occurred nearly six years before that. (*See* ECF No. 1-1.)

Finally, there is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc.) While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Peterson's conclusory statement that appointing counsel is in the best interest of his minor child, is not an exceptional circumstance.

Consistent with the above, **IT IS ORDERED** that Peterson's motion to intervene and motion to appoint counsel, (ECF Nos. 40, 41), are **DENIED**.

**DATED**: December 30, 2024

_____
**UNITED STATES MAGISTRATE JUDGE**