UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| ROBERT PETERSON, | Case No. 3:23-cv-00016-ART-CLB |
| Plaintiff, | ORDER |
| v. | |
| TIM GARRETT, *et al.,* | |
| Defendants. | |

*Pro se* Plaintiff Robert Peterson sued Nevada Department of Corrections (NDOC) employees for violation of his procedural due process rights by imposing a blanket ban against visitation by his minor children due to his conviction as a sex offender. (ECF No. 1-1.) Mr. Peterson's minor daughter, Bethany Peterson, now moves to intervene, for appointment of a guardian ad litem, and to proceed *in forma pauperis.* (ECF No. 58.) Also before the Court is Mr. Peterson's motion to stay and/or extend the deadline for joining additional parties (ECF No. 57); his motion to strike Defendants' response to the motion to intervene (ECF No. 63); and his motion for reconsideration. (ECF No. 70.)

## I.    MOTION TO INTERVENE[1]

As a preliminary matter, there is some question as to whether it is Mr. Peterson or his daughter who brings this motion to intervene. Magistrate Judge Baldwin found that the first motion to intervene was filed by Mr. Peterson on behalf of his minor daughter. (ECF No. 43.) Mr. Peterson, however, is without authority to litigate on behalf of others, and thus cannot file motions on behalf of his minor daughter. FED. R. CIV. P. 23(a)(4). *See, e.g., Carter v. Taylor*, 540 F. Supp. 2d 522, 527 (D. Del. 2008); *Reed v. Bd. Of Prison Terms*, No. C 03-2917,

---

[1]  Ms. Peterson attempts to incorporate allegations in the previous motion to intervene by reference, instead of setting forth all allegations and arguments in the current motion. (ECF No. 58.) The Court advises the parties that all arguments and analysis must be contained within any motion seeking relief.

1

2003 WL 21982471, at *1 (N.D. Cal. Aug. 8, 2003); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona had no authority to represent anyone other than himself.")

However, even if Ms. Peterson, and not her father, brings this motion to intervene, Ms. Peterson has not satisfied the showing required for mandatory intervention. On timely motion, a court must allow intervention by a movant who claims an interest that may be impaired by resolution of the case, and current parties inadequately represent the movant's interests. FED. R. CIV. P. 24(a)(2); *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011).

Although Ms. Peterson's motion is timely, she has not shown intervention is required to protect her interests. Magistrate Judge Baldwin ordered in a scheduling order that "[a]ny and all pleadings . . . joining additional parties under FRCP 19 & 20 must be filed 60 days from the date of this order . . . ." (ECF No. 53 at 5.) The motion to intervene was filed within those 60 days. (ECF No. 58.) Ms. Peterson has a protectable interest in this case because she cannot visit her father. (ECF No. 40.) However, the outcome of this action will not impair or impede Ms. Peterson's ability to protect her interest, as she could file her own lawsuit to request visitation with her father.

Finally, Ms. Peterson's interests in the outcome of this litigation do not sufficiently differ from Mr. Peterson's. For this factor, courts consider the interests of the parties present and whether a "would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001). The present litigation concerns Mr. Peterson's rights to visitation with his minor children, which is the same issue that Ms. Peterson seeks intervention to pursue. (ECF No. 40.) Furthermore, the motion to intervene presents no allegations that Mr. Peterson will not adequately represent Ms. Peterson's interest in visitation.

If a party does not meet the standard to intervene as of right, the Court

may still allow permissive intervention through timely motion, if the applicant for intervention has a claim or defense that shares with the main action a common question of law or fact. FED. R. CIV. P. 24(b)(1)(B). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly v. Glickman,* 159 F.3d 405, 412 (9th Cir. 1998). "In exercising its discretion, the Court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3).

Because Ms. Peterson claims a violation of procedural due process relating to her inability to visit her father, the Court finds that she shares a common question of law or fact. (ECF No. 60.) However, permissive intervention is not appropriate because Ms. Peterson's rights are already adequately represented by her father. Furthermore, permitting intervention would neither further develop the underlying factual record nor aid in the equitable resolution of the legal issues, but would instead delay proceedings in a case filed over three years ago. (*See* ECF No. 1-1.) Accordingly, the Court denies Ms. Peterson's motion to intervene.

## II.    MOTION TO STRIKE

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The Court has broad discretion in disposing of motions to strike. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

Mr. Peterson moves to strike Defendants' response to the motion to intervene because Defendants did not serve a copy of the response on Ms. Peterson. (ECF No. 63.) Defendants have since served a copy of the response on Ms. Peterson. (ECF No. 64.) The Court thus denies Mr. Peterson's motion to strike as moot.

## III.   MOTION TO RECONSIDER

### A. Legal Standard

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); see also LR 59-1(a). A district court also "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient[,]" so long as it has jurisdiction. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); see also *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013).

### B. Analysis

Mr. Peterson's daughter previously filed a motion to intervene in this case (ECF No. 40), which Judge Baldwin rejected for lacking connection to the claim, for being untimely, and for being filed by Peterson himself, instead of his daughter. (ECF No. 43.) Mr. Peterson objected to the order (ECF No. 44), and Judge Baldwin granted additional time for parties to intervene in this action. (ECF No. 53 at 5.)

Another motion for Ms. Peterson to intervene was filed during this additional time. (ECF No. 58.) The Court subsequently found that Judge Baldwin's scheduling order mooted Mr. Peterson's objection to the order denying the motion to intervene. (ECF No. 69.) Mr. Peterson now moves for reconsideration of that order denying his objection as moot. (ECF No. 70.)

Judge Baldwin's grant of additional time for parties to intervene in this litigation gave Ms. Peterson the ability to file a timely motion to intervene. That motion is fully considered in this order. The Court thus validly found that Mr. Peterson's objection to Judge Baldwin's denial of the previous motion to intervene

was moot. Thus, because Mr. Peterson has not shown that the Court committed error in its order, the Court finds that reconsideration is not appropriate.

**IV.    CONCLUSION**

IT IS THEREFORE ORDERED that Ms. Peterson's motion to intervene is DENIED. (ECF No. 58.)

IT IS FURTHER ORDERED that Ms. Peterson's motion for appointment of guardian ad litem and motion to proceed *in forma pauperis* are DENIED as moot. (ECF No. 58.)

IT IS FURTHER ORDERED that Mr. Peterson's motion to strike is DENIED as moot. (ECF No. 63.)

IT IS FURTHER ORDERED that Mr. Peterson's motion for reconsideration is DENIED. (ECF No. 70.)

IT IS FURTHER ORDERED that Mr. Peterson's motion to stay and/or extend deadline for joining additional parties is DENIED as moot. (ECF No. 57.)

Dated this 26th day of January 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE