**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

ROBERT DOUGLAS PETERSON,

Plaintiff,

v.

TIM GARRETT, *et al.*,

Defendants.

Case No. 3:23-CV-00016-ART-CLB

**ORDER GRANTING PLAINTIFF'S MOTIONS TO COMPEL AND DENYING DEFENDANTS' MOTION TO STRIKE**

[ECF Nos. 89, 90, 92]

Currently pending before the Court are two motions to compel[1] filed by Plaintiff Robert Peterson ("Peterson"), (ECF Nos. 89, 90), and a motion to strike[2] filed by Defendants, (ECF No. 92). For the reasons discussed below, Peterson's motions to compel are granted, and Defendants' motion to strike is denied.

I.      BACKGROUND

Peterson is an inmate in the custody of the Nevada Department of Corrections ("NDOC") housed at Lovelock Correctional Center ("LCC"). (ECF No. 4 at 1.) Peterson filed a *pro se* civil rights complaint alleging Defendants were improperly prohibiting him from visiting with his minor daughter because he was convicted of sex crimes against a minor (not his daughter). (ECF No. 4.) According to Peterson, however, other offenders convicted of sex crimes against a minor are allowed to visit their minor children. (*Id.*) The Court screened Peterson's complaint and permitted him to proceed on three claims: (1) Defendants denied Peterson due process of law in violation of the Fourteenth Amendment; (2) Defendants treated Peterson differently than other similarly situated offenders in violation of the Fourteenth Amendment's Equal Protection Clause; and (3) Defendants infringed on Peterson's right to association in violation of the First

---

[1]      Defendants opposed, (ECF No. 91), and Peterson replied, (ECF No. 97).

[2]      Peterson opposed, (ECF No. 98), and Defendants replied, (ECF No. 99).

Amendment. (ECF 3 at 8-10.)

Discovery commenced, (ECF No. 53), and Peterson sought information related to Administrative Regulation ("AR") 719, the regulation governing visitation, and its application, as well as information about why another inmate's visitation with his minor children had been approved notwithstanding the fact he too had been convicted of a sex offense against a minor. (ECF Nos. 89, 90.) Peterson specifically sought this information from Defendant Harold Wickham ("Wickham"), NDOC's Deputy Director of Operations, who is responsible for approving or denying visits in these circumstances. (ECF Nos. 89; 90; 91-7 at 6.) Wickham declined to provide the requested information citing issues of confidentiality and stating all visitation decisions were made in accordance with AR 719. (ECF Nos. 89, 90.) Peterson, dissatisfied with Wickham's responses, filed two motions to compel — one addressing Wickham's responses to his requests for production, (ECF No. 89), and one addressing Wickham's responses to his first set of interrogatories, (ECF No. 90). Defendants, in addition to responding to these two motions, also filed a motion to strike Peterson's motion related to the interrogatories on the basis that it is an improperly filed supplement. (ECF No. 92.) All three motions are ripe for review.

## II.   LEGAL STANDARD

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The "scope of discovery" encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In analyzing proportionality, the Court must consider the need for the information sought based upon "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Relevance is to be construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)

(citation omitted).

When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). However, the party moving for an order to compel discovery bears the initial burden of informing the court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why he believes the response is deficient; (4) why defendants' objections are not justified; and (5) why the information he seeks through discovery is relevant to the prosecution of this action. *Harris v. Kernan*, No. 2:17-cv-0680-TLN-KJN-P, 2019 WL 4274010, at *1 (E.D. Cal. Sept. 10, 2019); *see also Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS-PC, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

Thereafter, the party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975). The party resisting discovery "'must specifically detail the reasons why each request is irrelevant' [or otherwise objectionable,] and may not rely on boilerplate, generalized, conclusory, or speculative arguments." *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013) (quoting *Painters Joint Comm. v. Emp. Painters Trust Health & Welfare Fund*, No. 2:10-cv-1385 JCM (PAL), 2011 WL 4573349, at *5 (D. Nev. 2011). Arguments against discovery must be supported by specific examples and articulated reasoning. *U.S. E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

If the motion to compel is granted or the disclosure or requested discovery is provided after the filing of the motion, the court must order the offending party "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure,

response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

**III.    DISCUSSION**

The Court will first address Defendants' motion to strike Peterson's second motion to compel. (ECF No. 92.)

### A.    Motion to Strike

Defendants interpret Peterson's second motion to compel as a supplement to his first motion and argue the Court should strike it because Peterson did not first obtain leave to file the supplement as required by Local Rule 7-2(g). (*Id.* at 6.) The Court disagrees. Although both of Peterson's motions deal with responses from Wickham, they address separate discovery issues — requests for production and interrogatories. (*Compare* ECF No. 89 *with* ECF No. 90.) It was therefore appropriate, even if not necessary, for Peterson to file two separate motions instead of just one. Accordingly, Defendants' motion to strike is denied.

### B.    Requests for Production ("RFP")

The Court will next address the parties' dispute regarding Peterson's RFPs. (ECF No. 89.) Pursuant to Federal Rule of Civil Procedure 34, a "party may serve on any other party a request within the scope of Rule 26(b)" for production of documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a). The requesting party "is entitled to individualized, complete responses to each of the [Requests for Production], . . . accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." *Womack v. Gibbons*, 2021 WL 1734809, at \*2 (E.D. Cal. May 3, 2021) (citing *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006)). Failure to object to requests for production of documents within the time required constitutes a waiver of any objection. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

Peterson takes issue with Wickham's response to RFP Nos. 7 and 12. The Court will address each RFP in turn.

### 1.   RFP No. 7

| RFP No. | Request for Production |
|---|---|
| 7 | Please provide the transcript and meeting minutes of the Nevada Board of Prison Commission's approval of proposed changes to Administrative Regulation (AR) 719 which became effective August 28, 2017. |
| Response | After a diligent inquiry into this request, no responsive documents could be found. As such, no documentation relating to this request will be forthcoming. |

(ECF No. 91-3 at 6.)

Wickham argues his response is sufficient because under NRS 239.080 NDOC is authorized to dispose of "official records relating to visitation" after a period of three years. (ECF No. 91 at 4.) Wickham provides a copy of NDOC's retention schedule manual, (ECF No. 91-4), but as Peterson points out, there is no mention of retaining records related to meetings about amending or updating NDOC regulations, (ECF No. 97 at 6). Indeed, the only mention of visitation in the retention schedule is related to institutional management documentation, such as "logs, reports, registers and similar material" related to the visiting room. (ECF No. 91-4 at 25.) Thus, the Court finds that Wickham's argument that the requested records are "likely no longer in the department's possession" lacks merit. (*See* ECF No. 91 at 4.)

Accordingly, Wickham is ordered to provide Peterson with the requested documents within 30 days of this order. If Wickham cannot obtain the documents, he may not simply assert a diligent inquiry produced no responsive documents as he did here. Rather, he "must come forward with an explanation of the search conducted 'with sufficient specificity to allow the Court to determine whether [he] made a reasonable inquiry and exercised due diligence.'" *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 366-67 (D. Nev. 2019) (quoting *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012)).

///

///

///

5

## 2.   RFP No. 12

| RFP No. | Request for Production |
|---|---|
| **12** | As to inmate Joshua Roy Ward ["Ward"], who is a sex offender and who has visitation with his minor child, please produce the approval of his related visitation forms NDOC Forms 3006 and 3020 (redacted only as to minor identification information, address, etc.) and all documents relating to the decision for approval and final determination by you or your predecessor Deputy Director (also only redacted for minor identification information, address, etc.) |
| **Response** | Defendant objects to Request for Production No. 12 as it calls for information pertaining to another inmate which Plaintiff is not permitted to access under Administrative Regulation 569. Defendant objects to Request for Production No. 12 as overly broad because it is not limited as to timeframe. Defendant objects to Request for Production No. 12 because information related to offender Roy Ward's visitation does not have a tendency to make any party's claims or defenses more or less probable, making the request irrelevant and disproportional to the needs of the case, considering the importance of the information in resolving the issues, because this case is about Plaintiff's claim that he was improperly denied visitation to his kids. Based on the foregoing objections, no responsive documents will be forthcoming. |

(ECF No. 91-3 at 8-9.)

The Court will address each of Wickham's objections in turn. First, Wickham's objection that Peterson's request is irrelevant is unavailing. Peterson raises a "class of one" equal protection claim alleging he is being denied visitation with his minor children even though other sex offenders are permitted to visit with their minor children. (ECF No. 3 at 9.) To prevail on this claim, Peterson must demonstrate he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. Of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Thus, the rationale relied upon for granting Ward, who was previously convicted of a sex offense against a minor, (ECF Nos. 80 at 2; 83 at 14-18), is directly relevant to the question of whether Peterson is being irrationally singled out. Wickham's relevance objection is therefore overruled.

Second, the Court disagrees that Peterson's request is overbroad because it is not

limited to a particular timeframe. As Peterson points out, when Ward submitted his application for visitation with his minor child is information held by Wickham which Peterson is not privy to. (ECF No. 9 at 8.) Peterson therefore has no ability to provide a relevant timeframe. More importantly, however, Peterson's request is limited to a particular timeframe — the period of Ward's incarceration at LCC, which he represents began in January 2019, (ECF No. 80 at 2). Furthermore, Peterson is not seeking documentation necessarily related to a discrete moment in time. It may be the case Ward only had to be approved for visitation on one occasion, but it may also be the case Ward had to be approved on multiple occasions. Either way, Peterson's request is for all documentation, and all such documents would be relevant to his equal protection claim. Accordingly, Wickham's objection that Peterson's request is overbroad is overruled.

Lastly, the Court will address Wickham's objection that production of the requested documents is not permitted under AR 569. Wickham argues "[t]here is no exception in AR 569 that allows offenders to have access to other offenders' records or information," which means the requested records are confidential and "cannot be disclosed." (ECF No. 91.) Wickham's argument is flawed, however, because it is well settled in this district that "state law, including state regulations and administrative codes, do[] not control the applicability of privilege" in § 1983 cases. *Edgerton v. Hillard*, 2025 WL 343217, at *4 (D. Nev. Jan. 29, 2025); *see also Jones v. Russell*, 2024 WL 3202431, at *3 (D. Nev. June 25, 2024); *Santos v. Baca*, 2015 WL 7307054, at *3 (D. Nev. Nov. 17, 2015); *Pinder v. Baker*, 2015 WL 540431, at *2 (D. Nev. Feb. 10, 2015). Rather, federal law governing privilege controls. *N.L.R.B. v. N. Bay Plumbing, Inc.*, 102 F.3d 1005, 1009 (9th Cir. 1996).

"Federal law governing privilege has not been codified," and is instead "determined by federal common law." *Pinder*, 2015 WL 540431 at *2 (citing Fed. R. Evid. 501). Federal courts recognize a qualified privilege for "official information," which the Court understands Wickham to be asserting. *Hooks v. Bannister*, 2014 WL 6772989, at *6 (D. Nev. Dec. 2, 2014). Invoking this privilege is a two-step process. First, the party invoking the privilege "must make a substantial threshold showing" by way of an affidavit which

includes:

> (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests; and (5) a projection of how much harm would be done to the threatened interests if disclosure were made.

*Edgerton*, 2025 WL 343217 at *4-*5 (quoting *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995)). Second, assuming the party makes the required showing, the Court balances the potential benefits with the potential harms to determine whether disclosure is appropriate. *Id.* at *4 (citing *Cathey v. City of Vallejo*, 2015 WL 5734858, at *6 (E.D. Cal. Sept. 29, 2015)).

Here, Wickham fails to provide the required affidavit or otherwise address the relevant standard. Indeed, Wickham makes no mention of the official information privilege at all. (*See* ECF No. 91 at 5); *see also Edgerton*, 2025 WL 343217 at *4 (noting that to raise the official information privilege properly the party must formally assert it). The Court therefore finds Wickham has not made the required showing to properly invoke the official information privilege and his objection is overruled. He must therefore turn over the requested documents within 30 days of the date of this order. That said, the Court is cognizant of NDOC's safety and security concerns. To address these, Peterson shall not be allowed to maintain these documents in his cell. Rather, he must submit a request to review them in accordance with AR 568, the NDOC regulation governing offender review of departmental records.

### C.    Interrogatories

A party may propound interrogatories related to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 33(a)(2). A party is obligated to respond to the fullest extent possible in writing under oath, and the response must be signed by the answering party. Fed. R. Civ. P. 33(b)(3), (5). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact

or the application of law to fact. Fed. R. Civ. P. 33(a)(2). However, if an interrogatory is objectionable, the objection must be stated with specificity. Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). A district court has broad discretion in deciding whether to require answers to interrogatories. *See* 8B Wright & Miller, Federal Practice and Procedure § 2176 (3d ed. 2021).

A responding party is not generally required to conduct extensive research to answer an interrogatory, but a reasonable effort to respond must be made. *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013); *L.H. v. Schwarzenegger*, 2007 WL 2781132, *2 (E.D. Cal. Sept. 21, 2007). This does require that the responding party must conduct a search for relevant information and must answer interrogatories after a diligent search. *F.D.I.C. v. Halpern*, 271 F.R.D. 191, 193-94 (D. Nev. 2010). Thus, a responding party "cannot limit its interrogatory answers to matters within its own knowledge and ignore information immediately available to it or under its control". *Id*.

When a dispute arises out of the completeness of a search undertaken, particularly when there is an absence of information that would have been expected to be included, the responding party "must come forward with an explanation of the search conducted with 'sufficient specificity to allow the Court to determine whether a reasonable search'" was performed. *Cf. V5 Techs*, 332 F.R.D. at 366-67.

Peterson takes issue with Wickham's response to Interrogatory Nos. 1, 2, 3, 4, 5, 6, 8, 9, and 10, the full text of which is as follows:

### 1.    Interrogatory Nos. 1, 2, and 3

| Interrogatory No. | Interrogatory |
|---|---|
| 1 | In denying Plaintiff's Application for visitation with a minor, on or around 11/16/17, form DOC 3006, please set forth in detail the criteria you used in denying said application for Bethany Peterson. |
| Response | Defendant objects to Interrogatory No. 1 because it is vague and ambiguous as to the phrases "criteria" which is not defined and subject to more than one reasonable interpretation, leaving Defendant unable to ascertain the call of the interrogatory without |

| | |
|---|---|
| | assuming Plaintiff's meaning. Defendant objects to Interrogatory No. 1 as overly broad. Notwithstanding these objections and without waiving them, Defendant reviewed the grievance according to policy and provided a response, in accordance with AR719 Visitation Manual #2 Visitor Eligibility; as well as Victim Services Officer recommendation. |
| 2 | In denying Plaintiff's application for visitation on or around 6/03/19 (visitation with a minor form DOC 3006), please set forth in detail the criteria you used in denying said application for Bethany Peterson. |
| Response | Defendant objects to Interrogatory No. 2 because it is vague and ambiguous as to the phrases "criteria" which is not defined and subject to more than one reasonable interpretation, leaving Defendant unable to ascertain the call of the interrogatory without assuming Plaintiff's meaning. Defendant objects to Interrogatory No. 2 as overly broad. Notwithstanding these objections and without waiving them, Defendant reviewed the grievance according to policy and provided a response, in accordance with AR 719 Visitation Manual #2 Visitor Eligibility; as well as Victim Services Officer recommendation. |
| 3 | In denying Plaintiff's application for visitation with a minor child made on or around 2/4/20, please set forth in detail the criteria you used in denying said application for Bethany Peterson. |
| Response | Defendant objects to Interrogatory No. 3 because it is vague and ambiguous as to the phrases "criteria" which is not defined and subject to more than one reasonable interpretation, leaving Defendant unable to ascertain the call of the interrogatory without assuming Plaintiff's meaning. Defendant objects to Interrogatory No. 3 as overly broad. Notwithstanding these objections and without waiving them, Defendant reviewed the grievance according to policy and provided a response, in accordance with AR 719 Visitation Manual #2 Visitor Eligibility; as well as Victim Services Officer recommendation. |

(ECF No. 91-2 at 5-6.)

Peterson argues Wickham's responses are boilerplate and non-responsive to the question. (ECF No. 90 at 7-9.) The Court agrees. Wickham's response that the decision to deny Peterson visitation with his daughter in accordance with AR 719 is no response at all. AR 719(2)(A)(4) provides, in relevant part:

///

10

Inmates who have current or prior convictions, or were arrested for a sexual crime involving a minor, or other violence/abuse of a minor are ineligible to visit with the victim of their crime while the individual is still a minor, unless so ordered by the court. They shall also be ineligible to visit with any other minor without specific approval from the Deputy Director. This responsibility shall not be delegated.

(ECF No. 91-7 at 6.) Thus, Wickham's response, in essence, is that Peterson's visitation request was denied because Wickham did not approve it, something Peterson already knew. Peterson's interrogatories seek to find out *why* he was denied visitation, which is something only Wickham can explain given that AR 719 does not itself provide any criteria for how such decisions are made. Furthermore, Wickham's objection that "criteria" is too ambiguous is meritless. AR 719 assigns Wickham a non-delegable duty to determine whether inmates who have been convicted of sex offenses against a minor may visit with their minor children and does not provide any criteria for how Wickham carries out that duty. Thus, it is Wickham who determines what criteria to apply, and he therefore cannot claim that the word criteria is too vague for him to provide a proper response.

Accordingly, Wickham's objections are overruled, and he is ordered to provide a full and proper response to Interrogatories 1, 2, and 3 within 30 days of this order.

### 2.    Interrogatory No. 4

| Interrogatory No. | Interrogatory |
|---|---|
| 4 | As to Interrogatories 1, 2, and 3 please set forth and explain how the plaintiff failed to meet the criteria set forth so as to be approved for visitation with his minor child Bethany Peterson. |
| Response | Defendant objects to Interrogatory No. 4 because it is vague and ambiguous and seeks only to harass Defendant. Defendant objects to Interrogatory No. 4 as overly broad. Notwithstanding these objections and without waiving them, Defendant reviewed the grievance according to policy and provided a response, in accordance with AR 719 Visitation Manual #2 Visitor Eligibility; as well as Victim Services Officer recommendation. Plaintiff is aware of his charges as well as eligibility for visitation in accordance with AR 719. |

(ECF No. 91-2 at 6.)

11

Wickham argues his response is sufficient because Peterson "is aware that his underlying charge relates to sexual crimes against minors" and he is therefore "aware as to why [AR 719] applies to him. (ECF No. 91 at 7 at 6.) Wickham's response again misses the mark because Peterson is not disputing that AR 719 applies to him. Rather, he is trying to discern Wickham's decision making process so he can understand how it is that he is not allowed to visit with his minor child, while Ward and others — "who have . . . prior convictions . . . for a sexual crime involving a minor," (ECF No. 91-7), and are therefore subject to the same restrictions as Peterson — are allowed to visit with their minor children. This goes to the heart of Peterson's equal protection claim. Accordingly, Wickham's objections are overruled, and he is ordered to provide a full and proper response to Interrogatory No. 4 within 30 days of this order.

### 3.    Interrogatory Nos. 5 and 8

| Interrogatory No. | Interrogatory |
|---|---|
| 5 | As to the approval of application for visitation with a minor (DOC form 3006) filed by Joshua Ward in or around 2019 that was approved, please explain in terms of criteria and general qualifications, how Mr. Ward received permission and/or approval for visitation with his two children, James and Lilith, who were both very young at the time, and how Plaintiff was denied equal protection consideration and/or approval for visits with his child Bethany Peterson. Do not include non-public personal information in your answer, but explain in your answer the distinguishing points considered at the time which resulted in Ward being approved and Plaintiff being denied. |
| Response | Defendant objects to Interrogatory No. 5 because it is vague and ambiguous. Defendant objects to Interrogatory No. 5 as overly broad. Defendant objects to Interrogatory No. 5 because it calls for Defendant to speculate about what a third-party may or may not have done. Notwithstanding these objections and without waiving them, Defendant reviewed the grievance according to policy and provided a response, in accordance with AR 719 Visitation Manual #2 Visitor Eligibility; as well as Victim Services Officer recommendation. Defendant will not speculate what third parties may or may not have done. |
| 8 | Please describe how inmates like Joshua Ward (and others who have approved visitations with minor children despite having |

| | |
|---|---|
| | been convicted of crimes against minor children) meet the rational basis assertion you have identified in Interrogatory No. 7 and the asserted penological where Plaintiff's visitation with his child Bethany does not meet the rational basis. |
| **Response** | Defendants object to Interrogatory No. 8 because information about other offenders does not have a tendency to make any party's claims or defenses more or less probable, making the request irrelevant and disproportional to the needs of the case, because this case is about Defendants' actions against Plaintiff in this lawsuit. Defendant objects to Interrogatory No. 8 because it is vague and ambiguous. Defendant objects to Interrogatory No. 8 as overly broad. Defendant objects to Interrogatory No. 8 because it calls for Defendant to speculate what a third-party may or may not have done. Defendant objects to Interrogatory No. 8 as it calls for information pertaining to another inmate which Plaintiff is not permitted to access under Administrative Regulation 569. Notwithstanding these objections and without waiving them, Defendant reviewed the grievance according to policy and provided a response, in accordance with AR 719 Visitation Manual #2 Visitor Eligibility; as well as Victim Services Officer recommendation. Defendant will not speculate what third parties may or may not have done. |

(ECF No. 91-2 at 6-7, 8-9.)

Wickham's objections are overruled for the reasons already discussed; AR 569 is not controlling, how Wickham determined the appropriateness of Ward's visitation as compared to Peterson's is directly relevant to Peterson's equal protection claim, and stating visitation decisions were made in accordance with AR 719 is insufficient. Furthermore, it is unclear how either of Peterson's interrogatories call for speculation about a third party. Both interrogatories ask about why Ward was approved for visitation while Peterson was denied, a decision that Wickham was personally responsible for.[3] (See ECF No. 91-7 at 6.) Accordingly, Wickham's objections are overruled, and he is ordered to provide a full and proper response to Interrogatories 5 and 8.

///

---

[3]    To the extent Peterson's interrogatory calls for information about decisions made by Wickham's predecessors, Wickham need not speculate about why they made their decisions. However, he must conduct a search for any physical records pertaining to those decisions and describe the information contained in them.

4.    **Interrogatory No. 6**

| Interrogatory No. | Interrogatory |
|---|---|
| 6 | In your grievance response to a Second Level Grievance dated 10/11/2021 (NDOC 000047) relating to the denial of visitation for Plaintiff to visit with his minor child Bethany Peterson, you state that an inmate requesting visitation who has been convicted of a crime against a minor that "they shall be ineligible to visit with any other minor without specific approval from the Deputy Director." Please provide in detail a list of inmate names where the Deputy Director approved visitation from 2020 (1/1/2020) through the present for visits with minors. In each instance of approval, please identify why said inmates were approved and explain why Plaintiff was not approved along with how you assert you treated Plaintiff equally under the law in denying him visitation while approving other equally situated inmates. |
| **Response** | Defendant objects to Interrogatory No. 6 because information about other offenders does not have any tendency to make any party's claims or defenses more or less probable, making the request irrelevant and disproportional to the needs of the case, because this case is about Defendants' actions against Plaintiff in this lawsuit. Defendant objects to Interrogatory No. 6 because it is vague, ambiguous and overly burdensome. Defendant objects to Interrogatory No. 6 as overly broad and only seeks to harass Defendant. Defendant objects to Interrogatory No. 6 as it calls for information pertaining to another inmate which Plaintiff is not permitted to access under Administrative Regulation 569. Notwithstanding these objections and without waiving them, Defendant reviewed the grievance according to policy and provided a response, in accordance with AR 719 Visitation Manual #2 Visitor Eligibility; as well as Victim Services Officer recommendation. Defendant approved or disapproved visitation request in accordance with AR 719. Based on the above objections Defendant will not produce information relating to other offenders. |

(ECF No. 91-2 at 7-8.)

Wickham's objections are overruled for the reasons already discussed. To properly prosecute his equal protection claim Peterson must be given information about why other inmates convicted of a sex offense against a minor have been permitted to visit with their children. That said, the Court does agree with Wickham that compiling a detailed list of offenders who have been convicted of a sex crime against a minor poses a security risk.

14

If that list fell into the wrong hands it would risk the physical safety of every offender on it. To mitigate this, Wickham need not provide any personally identifiable information such as name, offender ID, etc., and may instead use pseudonyms. However, Wickham must still provide the other information requested in the interrogatory.

**5.    Interrogatory No. 9**

| Interrogatory No. | Interrogatory |
|---|---|
| **9** | As to each and every "denied" application for visitation with a minor (DOC form 3006) please set forth the detail of the denial and any reasons for denial of all Wardens and all Deputy Directors for the period between January 1, 2017 and present. |
| **Response** | Defendant objects to Interrogatory No. 9 because it is vague, ambiguous and overly burdensome. Defendant objects to Interrogatory No. 9 as overly broad and only seeks to harass Defendant. Defendant objects to Interrogatory No. 9 because it calls for Defendant to speculate what a third-party may or may not have done. Notwithstanding these objections and without waiving them, Defendant reviewed the grievance according to policy and provided a response, in accordance with AR 719 Visitation Manual #2 Visitor Eligibility; as well as Victim Services Officer recommendation. Defendant approved or disapproved visitation request in accordance with AR 719. Defendant will not speculate what third parties may or may not have done. |

(ECF No. 91-2 at 9.)

Wickham's objections are overruled for the reasons already discussed and Wickham is ordered to provide Peterson with the requested information. To the extent Peterson's request covers decisions made by other people, Wickham need not speculate as to why those decisions were made. He must, however, provide information contained in any physical records he has access to which pertains to the interrogatory.

///

///

///

///

///

### 6.    Interrogatory No. 10

| Interrogatory No. | Interrogatory |
| --- | --- |
| **10** | Relating to form DOC 3006 for the denial of or around 6/3/19, please provide the content of any and all communications with the Warden, such as descriptions of conversations, memos, emails, and the like that also denied said DOC 3006 application. |
| **Response** | Defendant objects to Interrogatory No. 9 because it is vague, ambiguous and overly burdensome. Defendant objects to Interrogatory No. 9 as overly broad and only seeks to harass Defendant. Defendant objects to Interrogatory No. 9 because it calls for Defendant to speculate what a third-party may or may not have done. Notwithstanding these objections and without waiving them, Defendant reviewed the grievance according to policy and provided a response, in accordance with AR 719 Visitation Manual #2 Visitor Eligibility; as well as Victim Services Officer recommendation. Defendant approved or disapproved visitation request in accordance with AR 719. Defendant will not speculate what third parties may or may not have done. Further if the Warden approves the Deputy Director has the final approval or disapproval authority. |

(ECF No. 91-2 at 10.)

Wickham argues he already turned over the requested communications with his initial disclosures, which notes "Emails Related to Peterson Visitation" were turned over. (ECF Nos. 91 at 9; 91-5 at 6.) However, Peterson's interrogatory asks for more than just emails; it asks for the contents of all communications, such as conversations, memos, etc. Wickham must therefore provide whatever information he has available to him that relates to the denial of Peterson's visitation request around 6/3/2019. If Wickham is unable to locate any additional documents, or he cannot recall the content of past conversations, he must submit a declaration explaining what steps were taken to locate such information as described above with respect to RFP No. 7. The rest of Wickham's objections are overruled for the reasons already discussed.

///

///

16

IV.   **CONCLUSION**

**IT IS THEREFORE ORDERED** that both of Peterson's motions to compel, (ECF Nos. 89, 90), are **GRANTED** in accordance with the above discussion. Wickham shall have until **Wednesday, July 1, 2026**, to provide the requested discovery.

**IT IS FURTHER ORDERED** that Wickham shall file a notice on or before **Wednesday, July 1, 2026**, affirming he has complied with the Court's order, or explaining why he has been unable to do so.

**IT IS FURTHER ORDERED** that Defendants' motion to strike, (ECF No. 92), is **DENIED**.

**DATED**: June 1, 2026____.

_____
**UNITED STATES MAGISTRATE JUDGE**